UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DONNA PORTER,**

   Plaintiff,

v.                                          No. 4:22-cv-0096-P

**COMISSIONER, SOCIAL SECURITY
ADMINISTRATION,**

   Defendant.

## ORDER

Plaintiff Donna Porter filed this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits under Title II of the Social Security Act ("SSA"). ECF No. 1. The United States Magistrate Judge issued Findings, Conclusions, and Recommendations ("FCR") urging that this Court affirm the Commissioner's decision. ECF No. 22. After reviewing the Magistrate's FCR de novo, the Court **AFFIRMS** the Commissioner's decision, **ADOPTS** the reasoning in the Magistrate Judge's FCR, and **OVERRULES** Plaintiff's Objections. ECF No. 22.

## BACKGROUND

In April 2020, Porter applied for disability benefits alleging that her disability began on September 30, 2019. ECF No. 12. Porter's application was initially denied and denied again upon reconsideration. *Id.* at 101–06, 113–16. Porter then requested a hearing before an administrative law judge ("ALJ"). *Id.* at 117–18. The ALJ held a hearing and found that Porter was not disabled within the meaning of the SSA. *Id.* at 32–69. Porter then requested review of the ALJ's decision by the Appeals Council. *Id.* at 176–78. The Appeals Council denied Porter's request, leaving the ALJ's decision to stand as the final decision of the Commissioner. *Id.* at 1–6. Plaintiff then appealed to this Court for

review, and the case was referred to the Magistrate Judge. ECF No. 1. The Magistrate Judge issued his FCR and Plaintiff timely objected. ECF No. 25. The Court now reviews the matter de novo.

## LEGAL STANDARD

### A. Standard of Review

Upon a plaintiff's timely objection, a Magistrate's FCR regarding a dispositive matter is reviewed de novo. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings in whole or in part. *Id.*

## ANALYSIS

### A. Review of Magistrate Judge's Recommendation

The Magistrate affirmed Plaintiff's denial of benefits based on three grounds.

*First*, the Magistrate concluded that Plaintiff failed to carry her burden to demonstrate that she required the use of a hand-held assistive device, ECF No. 22 at 9, and that the ALJ had properly concluded the same based on the evidence in the record. *Id.*

*Second*, the Magistrate relied on the only available precedent of the Eight Circuit and similar cases considered by district courts within the Fifth Circuit to conclude that, as a matter of law, the ALJ lawfully presided over Plaintiff's claim because Commissioner Berryhill possessed the statutory authority to ratify and adopt the ALJ's appointment. *Id.* at 10.

*Third*, the Magistrate relied on a sundry of district court decisions within the Fifth Circuit to conclude that, while the removal provision of 42 U.S.C. § 902(a)(3) indeed violates separation of powers, that did not affect Plaintiff's denial of benefits. *Id.* at 10. In effect, Plaintiff claims that the ALJ and Commissioner Berryhill lacked authority to hear her disability claims because that statute, which governs the commissioner's appointment, contains an unconstitutional removal provision. *Id.* But that provision has been held to be severable, and Plaintiff must allege a *particularized* harm to assert a successful challenge by showing a "link"

between the unconstitutional provision and Plaintiff's case. *See Garza v. Kijakazi*, No. 3:21-cv-0826-M-BH, 2022 WL 2759849, at 9–10 (N.D. Tex. June 21, 2022). Here, the Magistrate affirmed the ALJ by concluding that Plaintiff failed to demonstrate such a link. ECF No. 22 at 11.

This Court now reviews Plaintiff's objections in the order they are raised.

## B. Plaintiff's Objections

Plaintiff's first and second objections allege that the Magistrate Judge erred in concluding that Commissioner Berryhill had statutory authority to ratify the appointments of various ALJ's in 2018 under the Federal Vacancy Reform Act ("FVRA"). ECF No. 23. Plaintiff argues that the case must be remanded for a new hearing because the ALJ was not properly appointed and therefore lacked authority to hear Plaintiff's claim. *Id.* at 2.

The only circuit court to address the issue has held that the FVRA permitted Commissioner Berryhill's service, and that her ratification of the ALJ's appointment was valid. *See Dahle v. Kijakazi,* 2023 WL 2379383, at *2–3 (8th Cir. Mar. 7, 2023). While this Court is not bound by the Eighth Circuit, various district courts within the Fifth Circuit have unanimously followed its reasoning. *Tamara G. v. Comm'r of Soc. Sec. Admin.*, No. 3:22-CV-631-D-BK, 2023 WL 2504912, at *4–5 (N.D. Tex. Feb. 13, 2023); *Spain v. Soc. Sec. Admin.*, No. 21-2367, 2023 WL 1786722, at *4–7 (E.D. La. Jan. 18, 2023); *Boller v. Comm'r, SSA,* No. 4:21-CV-01001-SDJ-CAN, 2022 WL 18586837, at *7 (E.D. Tex. Dec. 12, 2022); *Watts v. Kijakazi,* No. 21-2044, 2022 WL 18109797, at *10–15 (E.D. La. Nov. 18, 2022); *Silva v. Kijakazi,* No. 2:21-CV-00301, 2022 WL 18144262, at *6–7 (S.D. Tex. Oct. 5, 2022). This Court will follow the reasoning set forth by our colleagues and likewise conclude that Commissioner Berryhill had proper statutory authority under the FVRA to ratify the appointment of the ALJ in this case.

Plaintiff's third objection is that the text of the FVRA imposes a tolling-based limitation on acting service, which Plaintiff argues Commissioner Berryhill has exceeded. ECF No. 23 at 6.

3

The text of the FVRA regarding who can perform the duties of a vacant office reads:

> (a) Except in the case of a vacancy caused by sickness, the person serving as an acting officer as described under section 3345 may serve in the office—
>
> (1) for no longer than 210 days beginning on the date the vacancy occurs; or
>
> (2) subject to subsection (b), once a first or second nomination for the office is submitted to the Senate, from the date of such nomination for the period that the nomination is pending in the Senate.

5 U.S.C. § 3346(a).

When two subsections are joined by "or," they should be given "independent and ordinary significance," and one term should not be read to "modify" the other. *Reiter v. Sonotone Corp.*, 442 U.S. 330, 338–39 (1979). In this context, the Eighth Circuit agreed that "[t]he use of 'or' as a connector between subsections 1 and 2 requires the subsections be given distinct, independent meanings." *Dahle*, 2023 WL 2379383, at *2.

Thus, the plain text of the FVRA establishes two distinct timelines for a vacancy to be filled by an acting officer. The first timeline permits an officer to serve "for no longer than 210 days beginning on the date the vacancy occurs." 5 U.S.C. § 3346(a)(1). The second timeline allows the acting officer to fill the vacancy "once a first or second nomination for the office is submitted to the Senate" for the entire period that nomination is pending. 5 U.S.C. § 3346(a)(2). In the second timeline, the officer is authorized to fill the vacancy beginning when the president submits a nomination, independent of whether the nomination is submitted during the initial 210 days or at some later point. *Id.* § 3346(a)(2).

Plaintiff primarily relies on legislative history and *a-la-carte* selection of statutory canons to parse the statute and conclude that § 3346(a) creates a tolling scheme which invalidates Commissioner

4

Berryhill's service because she could not serve once under the 210-day limit and again for the duration of the consideration of Andrew Saul's later nomination to the post. ECF No. 23 at 16–17, 19–20; ECF No. 22 at 2, n. 2. But nothing in the statutory text requires that a nomination be submitted *during* the initial 210-day period beginning with the creation of the vacancy. Instead, subsections one and two function independently from each other separated by the conjunction "or," and create two separate timelines during which the vacancy would be temporarily filled by an officer qualified under the section's precatory language until a new appointee is confirmed by the Senate.

Thus, Commissioner Berryhill has validly served under each statutory timeframe. She first served under (a) when she immediately stepped in to fill a vacancy, and again (later) under (b) when another individual was nominated and placed under Senate consideration. ECF No. 22 at 2, n. 2. This Court sees no reason to depart from the developing body of law affirming the validity of this reading of § 3346(a).

The Magistrate correctly rejects Plaintiff's argument that Ms. Berryhill was not authorized to serve under the FVRA. Thus, Plaintiff's third objection is overruled.

## CONCLUSION

After reviewing the FCR de novo, the Court **AFFIRMS** the Commissioner's decision, **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 22), and **OVERRULES** Plaintiffs' Objections (ECF No. 23).

Accordingly, the Court **DENIES** Plaintiffs' request to remand this case (ECF No. 1), and Plaintiffs' claims are **DISMISSED with prejudice**.

**SO ORDERED** on this **31th day** of **March 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE